FILED
DEC 19 2005
U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

05-1315T

MARK W. BRANDSTED and PAMELA S. BRANDSTED §
Plaintiffs, §
v. § CIVIL NO.________________
UNITED STATES OF AMERICA §
Defendant. §

**PLAINTIFFS' ORIGINAL COMPLAINT**

1. Plaintiffs Mark W. Brandsted and Pamela S. Brandsted ("Plaintiffs" or the "Brandsted") are citizens of the United States of America whose address is 3805 SW Clarion Park Dr., Topeka, KS, 66610.

2. The Defendant is the United States of America.

3. This is a suit arising under Sections 7422, 6401, 6402, and 6230 of the Internal Revenue Code[1] and the laws of the United States for the refund of income taxes collected from Plaintiffs.

4. Jurisdiction is conferred upon the Court by Title 28, Sections 1346(a)(1) and 1491(a) of the United States Code.

---

[1]References to Section, §, and the Internal Revenue Code are to Title 26 of the United States Code.

COUNT ONE
(Calendar Year 1993)

5. Mark W. Brandsted and Pamela S. Brandsted filed a timely joint federal income tax return for calendar year 1993 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-7895 and XXX-XX-6155, respectively.

6. Mark W. Brandsted was a limited partner in Emperor Seedless - 85 ("ES85"), a California limited partnership, and Pump Station III Associates ("PS3"), a California limited partnership.

7. On or about October 16, 2003, the Brandsteds filed with the IRS a claim for refund of $939.00 related to the termination and dissolution of ES85 and PS3.

8. On December 18, 2003, the IRS disallowed that claim.

9. As grounds for recovery, the Brandsteds restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1993:

A. ES85 and PS3 were AMCOR partnerships that were the subject of §6226 and §6228 litigation.

B. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

C. A settlement in the related Tax Court case under §6226 resulted in a reduction in the partnerships' allowable 1984 and 1985 losses.

D. As a direct consequence of the adjustments to the partnership items of the partnerships, there was a substantial basis in the partnership interests and a resulting loss upon the

 R:\DOCS\TAXCONT.T\twwcd155.br1.wpd

worthlessness, dissolution, or termination of the partners' partnership interests, which loss is the basis of this claim for refund.

E. The IRS has agreed to allow a capital loss equal to the adjustment to the AMCOR partners' basis resulting from the source year adjustments to the partnership losses. This is consistent with the notice from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since the Plaintiffs did not sell their partnership interest, this claim is based on the same increase in basis recognized **AS A CAPITAL LOSS** upon worthlessness and final termination of the partnership interest.

F. The basis adjustment and loss are $14,665.00 for PS3 and $26,200 for ES85.

G. The increase in the basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

H. This claim is timely pursuant to §6230(c)(2)(B) because it is made within two years after the date of the relevant court decision or settlement, and it is being filed consistent with the IRS' instructions for filing basis related refund claims.

10. Over six (6) months have elapsed since the Brandsteds filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

11. The Brandsteds are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT TWO
(Calendar Year 1994)

12. Mark W. Brandsted and Pamela S. Brandsted filed a timely joint federal income tax return for calendar year 1994 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-7895 and XXX-XX-6155, respectively.

13. Mark W. Brandsted was a limited partner in ES85 and Pump Station III Associates PS3.

14. On or about October 16, 2003, the Brandsteds filed with the IRS a claim for refund of $1,370.00 related to the termination and dissolution of ES85 and PS3.

15. On December 18, 2003, the IRS disallowed that claim.

16. As grounds for recovery, the Brandsteds restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1994:

A. ES85 and PS3 were AMCOR partnerships that were the subject of §6226 and §6228 litigation.

B. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

C. A settlement in the related Tax Court case under §6226 resulted in a reduction in the partnerships' allowable 1984 and 1985 losses.

D. As a direct consequence of the adjustments to the partnership items of the partnerships, there was a substantial basis in the partnership interests and a resulting loss upon the worthlessness, dissolution, or termination of the partners' partnership interests, which loss is the basis of this claim for refund.

E. The IRS has agreed to allow a capital loss equal to the adjustment to the AMCOR partners' basis resulting from the source year adjustments to the partnership losses. This is consistent with the notice from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since the Plaintiffs did not sell their partnership interest, this claim is based on the same increase in basis recognized **AS A CAPITAL LOSS** upon worthlessness and final termination of the partnership interest.

F. The basis adjustment and loss are $14,665.00 for PS3 and $26,200 for ES85.

G. The increase in the basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

H. This claim is timely pursuant to §6230(c)(2)(B) because it is made within two years after the date of the relevant court decision or settlement, and it is being filed consistent with the IRS' instructions for filing basis related refund claims.

17. Over six (6) months have elapsed since the Brandsteds filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

18. The Brandsteds are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT THREE
(Calendar Year 1995)

19. Mark W. Brandsted and Pamela S. Brandsted filed a timely joint federal income tax return for calendar year 1995 and paid the taxes reported due on that return. Their taxpayer

identification numbers, as reflected on that tax return, are XXX-XX-7895 and XXX-XX-6155, respectively.

20. Mark W. Brandsted was a limited partner in ES85 and Pump Station III Associates PS3.

21. On or about October 16, 2003, the Brandsteds filed with the IRS a claim for refund of $4,051.00 related to the termination and dissolution of ES85 and PS3.

22. On December 22, 2003, the IRS disallowed that claim.

23. As grounds for recovery, the Brandsteds restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1995:

A. ES85 and PS3 were AMCOR partnerships that were the subject of §6226 and §6228 litigation.

B. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

C. A settlement in the related Tax Court case under §6226 resulted in a reduction in the partnerships' allowable 1984 and 1985 losses.

D. As a direct consequence of the adjustments to the partnership items of the partnerships, there was a substantial basis in the partnership interests and a resulting loss upon the worthlessness, dissolution, or termination of the partners' partnership interests, which loss is the basis of this claim for refund.

E. The IRS has agreed to allow a capital loss equal to the adjustment to the AMCOR partners' basis resulting from the source year adjustments to the partnership losses. This is consistent with the notice from the IRS to the partners that they could file similar claims based on any sale of

 R:\DOCS\TAXCONT.T\twwcd155.br1.wpd

their partnership interests. Therefore, since the Plaintiffs did not sell their partnership interest, this claim is based on the same increase in basis recognized **AS A CAPITAL LOSS** upon worthlessness and final termination of the partnership interest.

F. The basis adjustment and loss are $14,665.00 for PS3 and $26,200 for ES85.

G. The increase in the basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

H. This claim is timely pursuant to §6230(c)(2)(B) because it is made within two years after the date of the relevant court decision or settlement, and it is being filed consistent with the IRS' instructions for filing basis related refund claims.

24. Over six (6) months have elapsed since the Brandsteds filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

25. The Brandsteds are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT FOUR
(Calendar Year 1996)

26. Mark W. Brandsted and Pamela S. Brandsted filed a timely joint federal income tax return for calendar year 1996 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-7895 and XXX-XX-6155, respectively.

27. Mark W. Brandsted was a limited partner in ES85 and Pump Station III Associates PS3.

28. On or about October 16, 2003, the Brandsteds filed with the IRS a claim for refund of $2,490.00 related to the termination and dissolution of ES85 and PS3.

29. On December 22, 2003, the IRS disallowed that claim.

30. As grounds for recovery, the Brandsteds restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1996:

A. ES85 and PS3 were AMCOR partnerships that were the subject of §6226 and §6228 litigation.

B. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

C. A settlement in the related Tax Court case under §6226 resulted in a reduction in the partnerships' allowable 1984 and 1985 losses.

D. As a direct consequence of the adjustments to the partnership items of the partnerships, there was a substantial basis in the partnership interests and a resulting loss upon the worthlessness, dissolution, or termination of the partners' partnership interests, which loss is the basis of this claim for refund.

E. The IRS has agreed to allow a capital loss equal to the adjustment to the AMCOR partners' basis resulting from the source year adjustments to the partnership losses. This is consistent with the notice from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since the Plaintiffs did not sell their partnership interest, this claim is based on the same increase in basis recognized **AS A CAPITAL LOSS** upon worthlessness and final termination of the partnership interest.

F. The basis adjustment and loss are $14,665.00 for PS3 and $26,200 for ES85.

G. The increase in the basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

H. This claim is timely pursuant to §6230(c)(2)(B) because it is made within two years after the date of the relevant court decision or settlement, and it is being filed consistent with the IRS' instructions for filing basis related refund claims.

31. Over six (6) months have elapsed since the Brandsteds filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

32. The Brandsteds are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT FIVE
(Calendar Year 1997)

33. Mark W. Brandsted and Pamela S. Brandsted filed a timely joint federal income tax return for calendar year 1997 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-7895 and XXX-XX-6155, respectively.

34. Mark W. Brandsted was a limited partner in ES85 and Pump Station III Associates PS3.

35. On or about October 16, 2003, the Brandsteds filed with the IRS a claim for refund of $3,228.00 related to the termination and dissolution of ES85 and PS3.

36. On December 22, 2003, the IRS disallowed that claim.

37. As grounds for recovery, the Brandsteds restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1997:

A. ES85 and PS3 were AMCOR partnerships that were the subject of §6226 and §6228 litigation.

B. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

C. A settlement in the related Tax Court case under §6226 resulted in a reduction in the partnerships' allowable 1984 and 1985 losses.

D. As a direct consequence of the adjustments to the partnership items of the partnerships, there was a substantial basis in the partnership interests and a resulting loss upon the worthlessness, dissolution, or termination of the partners' partnership interests, which loss is the basis of this claim for refund.

E. The IRS has agreed to allow a capital loss equal to the adjustment to the AMCOR partners' basis resulting from the source year adjustments to the partnership losses. This is consistent with the notice from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since the Plaintiffs did not sell their partnership interest, this claim is based on the same increase in basis recognized **AS A CAPITAL LOSS** upon worthlessness and final termination of the partnership interest.

F. The basis adjustment and loss are $14,665.00 for PS3 and $26,200 for ES85.

G. The increase in the basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

H. This claim is timely pursuant to §6230(c)(2)(B) because it is made within two years after the date of the relevant court decision or settlement, and it is being filed consistent with the IRS' instructions for filing basis related refund claims.

38. Over six (6) months have elapsed since the Brandsteds filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

39. The Brandsteds are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT SIX
(Calendar Year 1998)

40. Mark W. Brandsted and Pamela S. Brandsted filed a timely joint federal income tax return for calendar year 1998 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-7895 and XXX-XX-6155, respectively.

41. Mark W. Brandsted was a limited partner in ES85 and Pump Station III Associates PS3.

42. On or about October 16, 2003, the Brandsteds filed with the IRS a claim for refund of $444.00 related to the termination and dissolution of ES85 and PS3.

43. On December 22, 2003, the IRS disallowed that claim.

44. As grounds for recovery, the Brandsteds restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1998:

A. ES85 and PS3 were AMCOR partnerships that were the subject of §6226 and §6228 litigation.

B. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

C. A settlement in the related Tax Court case under §6226 resulted in a reduction in the partnerships' allowable 1984 and 1985 losses.

D. As a direct consequence of the adjustments to the partnership items of the partnerships, there was a substantial basis in the partnership interests and a resulting loss upon the worthlessness, dissolution, or termination of the partners' partnership interests, which loss is the basis of this claim for refund.

E. The IRS has agreed to allow a capital loss equal to the adjustment to the AMCOR partners' basis resulting from the source year adjustments to the partnership losses. This is consistent with the notice from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since the Plaintiffs did not sell their partnership interest, this claim is based on the same increase in basis recognized **AS A CAPITAL LOSS** upon worthlessness and final termination of the partnership interest.

F. The basis adjustment and loss are $14,665.00 for PS3 and $26,200 for ES85.

G. The increase in the basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

H. This claim is timely pursuant to §6230(c)(2)(B) because it is made within two years after the date of the relevant court decision or settlement, and it is being filed consistent with the IRS' instructions for filing basis related refund claims.

45. Over six (6) months have elapsed since the Brandsteds filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

46. The Brandsteds are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT SEVEN
(Calendar Year 1999)

47. Mark W. Brandsted and Pamela S. Brandsted filed a timely joint federal income tax return for calendar year 1999 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-7895 and XXX-XX-6155, respectively.

48. Mark W. Brandsted was a limited partner in ES85 and Pump Station III Associates PS3.

49. On or about October 16, 2003, the Brandsteds filed with the IRS a claim for refund of $1,725.00 related to the termination and dissolution of ES85 and PS3.

50. On December 22, 2003, the IRS disallowed that claim.

51. As grounds for recovery, the Brandsteds restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1999:

A. ES85 and PS3 were AMCOR partnerships that were the subject of §6226 and §6228 litigation.

B. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

C. A settlement in the related Tax Court case under §6226 resulted in a reduction in the partnerships' allowable 1984 and 1985 losses.

D. As a direct consequence of the adjustments to the partnership items of the partnerships, there was a substantial basis in the partnership interests and a resulting loss upon the worthlessness, dissolution, or termination of the partners' partnership interests, which loss is the basis of this claim for refund.

E. The IRS has agreed to allow a capital loss equal to the adjustment to the AMCOR partners' basis resulting from the source year adjustments to the partnership losses. This is consistent with the notice from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since the Plaintiffs did not sell their partnership interest, this claim is based on the same increase in basis recognized **AS A CAPITAL LOSS** upon worthlessness and final termination of the partnership interest.

F. The basis adjustment and loss are $14,665.00 for PS3 and $26,200 for ES85.

G. The increase in the basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

H. This claim is timely pursuant to §6230(c)(2)(B) because it is made within two years after the date of the relevant court decision or settlement, and it is being filed consistent with the IRS' instructions for filing basis related refund claims.

52. Over six (6) months have elapsed since the Brandsteds filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

53. The Brandsteds are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT EIGHT
(Calendar Year 1996)

54. Mark W. Brandsted and Pamela S. Brandsted filed a timely joint federal income tax return for calendar year 1996 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-7895 and XXX-XX-6155, respectively.

55. Mark W. Brandsted was a limited partner in ES85.

56. On or about April 15, 2004, the Brandsteds filed with the IRS a claim for refund of $2,490.00 related to the termination and dissolution of ES85. This claim was filed in the alternative to the earlier claims for ES85 described above.

57. On May 19, 2004, the IRS disallowed that claim.

58. As grounds for recovery, the Brandsteds restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1996:

A. ES85 was an AMCOR partnership that was the subject of §6226 and §6228 litigation.

B. A settlement in the related Tax Court case under §6226 resulted in a reduction in the partnership's allowable 1985 losses.

D. As a direct consequence of the adjustments to the partnership items of the partnership, there was a substantial basis in the partnership interest and a related carryover basis in the AMCOR stock distributed on final termination, with a resulting loss upon the worthlessness of the stock, which loss is the basis of this claim for refund.

E. The IRS has agreed to allow a capital loss equal to the adjustment to the AMCOR partners' basis resulting from the source year adjustments to the partnership losses. This is consistent with the notice from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since the Plaintiffs did not sell their partnership interest, this claim is based on the same increase in basis recognized **AS A CAPITAL LOSS** upon worthlessness of the AMCOR stock distributed to Plaintiffs on final termination of the partnership.

F. The basis adjustment and loss is $26,200 for ES85.

G. The increase in the basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

H. This claim was timely filed within three (3) years of the Plaintiffs' original 1997 return under the seven (7) year statute provided in §6411(d).

59. Over six (6) months have elapsed since the Brandsteds filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

60. The Brandsteds are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT NINE
(Calendar Year 1997)

61. Mark W. Brandsted and Pamela S. Brandsted filed a timely joint federal income tax return for calendar year 1997 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-7895 and XXX-XX-6155, respectively.

62. Mark W. Brandsted was a limited partner in ES85.

63. On or about April 15, 2004, the Brandsteds filed with the IRS a claim for refund of $3,228.00 related to the termination and dissolution of ES85. This claim was filed in the alternative to the earlier claims for ES85 described above.

64. On May 19, 2004, the IRS disallowed that claim.

65. As grounds for recovery, the Brandsteds restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1997:

A. ES85 was an AMCOR partnership that was the subject of §6226 and §6228 litigation.

B. A settlement in the related Tax Court case under §6226 resulted in a reduction in the partnership's allowable 1985 losses.

D. As a direct consequence of the adjustments to the partnership items of the partnership, there was a substantial basis in the partnership interest and a related carryover basis in the AMCOR stock distributed on final termination, with a resulting loss upon the worthlessness of the stock, which loss is the basis of this claim for refund.

E. The IRS has agreed to allow a capital loss equal to the adjustment to the AMCOR partners' basis resulting from the source year adjustments to the partnership losses. This is consistent with the notice from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since the Plaintiffs did not sell their partnership interest, this claim is based on the same increase in basis recognized **AS A CAPITAL LOSS** upon worthlessness of the AMCOR stock distributed to Plaintiffs on final termination of the partnership.

F. The basis adjustment and loss is $26,200 for ES85.

G. The increase in the basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

H. This claim was timely filed within three (3) years of the Plaintiffs' original 1997 return under the seven (7) year statute provided in §6411(d).

66. Over six (6) months have elapsed since the Brandsteds filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

67. The Brandsteds are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT TEN
(Calendar Year 1998)

68. Mark W. Brandsted and Pamela S. Brandsted filed a timely joint federal income tax return for calendar year 1998 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-7895 and XXX-XX-6155, respectively.

69. Mark W. Brandsted was a limited partner in ES85.

70. On or about April 15, 2004, the Brandsteds filed with the IRS a claim for refund of $444.00 related to the termination and dissolution of ES85. This claim was filed in the alternative to the earlier claims for ES85 described above.

71. On May 19, 2004, the IRS disallowed that claim.

72. As grounds for recovery, the Brandsteds restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1998:

A. ES85 was an AMCOR partnership that was the subject of §6226 and §6228 litigation.

B. A settlement in the related Tax Court case under §6226 resulted in a reduction in the partnership's allowable 1985 losses.

D. As a direct consequence of the adjustments to the partnership items of the partnership, there was a substantial basis in the partnership interest and a related carryover basis in the AMCOR stock distributed on final termination, with a resulting loss upon the worthlessness of the stock, which loss is the basis of this claim for refund.

E. The IRS has agreed to allow a capital loss equal to the adjustment to the AMCOR partners' basis resulting from the source year adjustments to the partnership losses. This is consistent with the notice from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since the Plaintiffs did not sell their partnership interest, this claim is based on the same increase in basis recognized **AS A CAPITAL LOSS** upon worthlessness of the AMCOR stock distributed to Plaintiffs on final termination of the partnership.

F. The basis adjustment and loss is $26,200 for ES85.

G. The increase in the basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

H. This claim was timely filed within three (3) years of the Plaintiffs' original 1997 return under the seven (7) year statute provided in §6411(d).

73. Over six (6) months have elapsed since the Brandsteds filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

74. The Brandsteds are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT ELEVEN
(Calendar Year 1999)

75. Mark W. Brandsted and Pamela S. Brandsted filed a timely joint federal income tax return for calendar year 1999 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-7895 and XXX-XX-6155, respectively.

76. Mark W. Brandsted was a limited partner in ES85.

77. On or about April 15, 2004, the Brandsteds filed with the IRS a claim for refund of $1,141.00 related to the termination and dissolution of ES85. This claim was filed in the alternative to the earlier claims for ES85 described above.

78. On May 19, 2004, the IRS disallowed that claim.

79. As grounds for recovery, the Brandsteds restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1999:

A. ES85 was an AMCOR partnership that was the subject of §6226 and §6228 litigation.

B. A settlement in the related Tax Court case under §6226 resulted in a reduction in the partnership's allowable 1985 losses.

D. As a direct consequence of the adjustments to the partnership items of the partnership, there was a substantial basis in the partnership interest and a related carryover basis in the AMCOR stock distributed on final termination, with a resulting loss upon the worthlessness of the stock, which loss is the basis of this claim for refund.

E. The IRS has agreed to allow a capital loss equal to the adjustment to the AMCOR partners' basis resulting from the source year adjustments to the partnership losses. This is consistent with the notice from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since the Plaintiffs did not sell their partnership interest, this claim is based on the same increase in basis recognized **AS A CAPITAL LOSS** upon worthlessness of the AMCOR stock distributed to Plaintiffs on final termination of the partnership.

F. The basis adjustment and loss is $26,200 for ES85.

G. The increase in the basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

H. This claim was timely filed within three (3) years of the Plaintiffs' original 1997 return under the seven (7) year statute provided in §6411(d).

80. Over six (6) months have elapsed since the Brandsteds filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

81. The Brandsteds are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

WHEREFORE, Plaintiffs Mark W. Brandsted and Pamela S. Brandsted pray for judgment against the Defendant the United States of America in the amount of $14,247.00, or in the alternative for $7,303.00, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Respectfully,

Thomas E. Redding
Texas State Bar No. 16661300
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFFS

Of Counsel for Plaintiffs:
Teresa J. Womack
Texas State Bar No. 00788707
Sallie W. Gladney
Texas State Bar No. 00787546
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)